IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL LEE, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:25-CV-1019-B-BK |
| | § | |
| OSM WORLDWIDE, | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court are *Defendant's Motion to Dismiss Plaintiff's Complaint,* Doc. 30, and Defendant's motions to strike Plaintiff's first, second, and third attachments to her Complaint. Doc. 28; Doc. 33; Doc. 36. For the reasons **discussed here**, Defendant's motions should be GRANTED.

I. BACKGROUND

In March 2025, Plaintiff filed this *pro se* **civil** action, alleging that the Defendant, her former employer, discriminated against her on the basis of her race, sex, and age**,** in violation of Title VII of the Civil Rights **Act**, the Age Discrimination in Employment Act ("ADEA"), and the Texas Commission on Human Rights Act ("TCHRA").[1] Doc. 1 at 1-2, 9. Prior to filing suit, Plaintiff filed a formal Charge with Equal Employment Opportunity Commission ("EEOC"), which issued a "right to sue" letter on December 23, 2024. Doc. 1 at 7. The letter provided that "the EEOC will not proceed further with its investigation and makes no determination about

---

[1] Although the Complaint does not clearly invoke the TCHRA, the Court liberally construes it as asserting claims under both federal and state law.

whether further investigation would establish violations of the statute." Doc. 16 at 5. This lawsuit followed.

Defendant now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia,* that Plaintiff has failed to exhaust her administrative remedies. Doc. 30 at 5. Plaintiff has not filed a response, and her time to do so has long since expired. *See* N.D. Tex. Local Rule 7.1(e) (establishing 21-day deadline for filing responses to motions).

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Put differently, a court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). But "a formulaic recitation of the elements of a cause of action will not do ...," and factual allegations must accompany legal conclusions. *Iqbal*, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 555). In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters

of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Title VII, Chapter 21 of the TCHRA, and the ADEA provide private causes of action arising out of employment discrimination. 42 U.S.C. § 2000e-2(a); TEX. LAB. CODE § 21.021; 29 U.S.C. § 623(a)(1). Before filing an action under any one of these statutes, however, a complainant must first exhaust her administrative remedies by timely filing a charge of discrimination with the EEOC. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378.

"[A]dministrative exhaustion is a mainstay of proper enforcement of Title VII remedies and exists to facilitate the EEOC's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Ernst v. Methodist Hosp. System*, 1 F.4th 333, 337 (5th Cir. 2021) (cleaned up) (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)). Because a key purpose of the charge is to "give the employer notice of the existence and general substance of the discrimination allegations," an employee may not base their claim on an employer's adverse action that was not previously asserted in a formal charge of discrimination. *Filer*, 690 F.3d at 647. In other words, to satisfy exhaustion requirements, "a claim generally must arise out of the plaintiff's EEOC charge." *Ernst*, 1 F.4th at 337 (citing *id.*).

In determining whether a plaintiff has exhausted a particular claim, the **Court of Appeals for the** Fifth Circuit has emphasized that "the scope of an EEOC complaint should be construed liberally." *Melgar,* 931 F.3d at 379 (quoting *Pancheco v. Mineta,* 448 F.3d 783, 788 (5th Cir. 2006)). Accordingly, courts look beyond the precise language of the charge and instead ask whether the claim falls within the scope of the EEOC investigation that could "reasonably be expected to grow out of the charge[.]" *Pancheco,* 448 F.3d at 788 (internal quotation and citation omitted); *Vicknair v. La. Dep't of Pub. Safety and Corr.*, 555 F. App'x 325, 332 (5th Cir.

2014) (defining the inquiry as asking "whether the charge stated sufficient facts to trigger an EEOC investigation and to put an employer on notice of the existence and nature of the charges.") (citations and quotation omitted).

Because this inquiry focuses on a charge's "substance rather than its label," the Fifth Circuit has explained that "the crucial element of a charge of discrimination is the factual statement contained therein." *Pancheco,* 448 F.3d at 788; *Melgar*, 931 F.3d at 379 (quoting *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 77 (5th Cir. 1982)). At a minimum, the charge must contain a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." *Melgar*, 931 F. 3d at 380 (quoting 29 C.F.R. § 1601.12(a)(3)). "[M]erely checking a box of discrimination is insufficient to exhaust administrative remedies." *Jones v. Driver Pipeline*, No. 3:25-CV-121, 2025 WL 1908301, at *3 (N.D. Tex. July 10, 2025) (Boyle, J.) (citing *Givs v. City of Eunice*, 512 F. Supp. 2d 522, 537 (5th Cir. 2007)).

## III. ANALYSIS

Defendant contends that Plaintiff did not adequately exhaust her administrative remedies as to any of her claims because her Charge failed to state sufficient facts to either put the Defendant on notice of these claims or prompt an EEOC investigation into them. Doc. 31 at 8-9. Upon review, the Court concludes that Defendant's arguments have merit, and that even under the most liberal construction, Plaintiff's Charge was insufficient to exhaust her administrative remedies as to any of her claims.

As in her *Answers to the Magistrate Judge's Questionnaire,*[2] Doc. 16 at 1, Plaintiff's

EEOC Charge lists that she was discriminated against based on "Age, Race, [and] Sex."

*Compare* Doc. 1 at 5, *with* Doc. 16 at 1.  The narrative portion of the Charge states in its entirety:

**I.** PERSONAL HARM:
   **A.** I was place[d] in a hostile work environment by my supervisor, Yahari Marquez, when she constantly harassed me.
   **B.** I witnessed two older Hispanic employees working in the same pod together after I was told I could not work with a second person.
   **C.** My Workman's compensation restriction was not followed, and it caused my injury to become more severe.

**II.** RESPONDENT'S REASON FOR ADVERSE ACTION:
   **A.** None stated.
   **B.** I was terminated on 8/6/2024 by Megan Brandt and Eric Hemonson in HR.

**III.** DISCRIMINATION STATEMENT:
   I believe that I was discriminated against because of my race, African American, in violation of Title VII of the Civil Rights Act . . . [.] I believe I was discriminated against because of my age, 56, in violation of the Age Discrimination Employment Act . . . [.]

Doc. 1 at 5-6.  The Charge further provides that the alleged discrimination occurred between

March 1, 2023, and August 6, 2024.  Doc. 1 at 5.

   *A.   Sex Discrimination*

Although Plaintiff does not specify the theory under which she brings her sex-

discrimination claims, her pleadings appear to assert both sexual harassment and gender-based

disparate treatment.  *See* Doc. 1 at 1-4; Doc. 16 at 2.  With respect to the former, Plaintiff alleges

---

[2] As the Court explained at the outset of the *Magistrate Judge's Questionnaire*:

> The Court perceives the facts set forth in the complaint as inadequate in whole or part to state a claim against the Defendants. The Questionnaire gives Plaintiff the opportunity to supplement the complaint with more specific facts in support of the claims alleged. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).

Doc. 15 at 1.  Answers to a magistrate judge's clarifying questionnaire constitute a supplement to a *pro se* complaint.  *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

that she "was a victim of work place harassment by manager Yahaira Marquez."[3]  Doc. 1 at 2.

Plaintiff contends that Marquez intentionally "fail[ed] to turn in [Plaintiff's] sexual harassment

complaint to HR," subjected Plaintiff to "daily harassment by two co-workers," and would "roll

her eyes and single [Plaintiff] out in huddles for no reason."  Doc. 1 at 2; Doc. 16 at 2.  As to

facts that can be construed to support a disparate treatment claim, Plaintiff alleges that Marquez

"would never get [Plaintiff] supplies" but "wouldn't hesitate" to get those supplies for Black

male employees, and that she wouldn't allow Plaintiff "to have Redbulls or small bags" on the

production floor, even though all other employees on all shifts were permitted to do so.  Doc. 1

at 1-2.

　　　Because sexual harassment and disparate treatment claims are distinct for purposes of

administrative exhaustion, a plaintiff's EEOC Charge must allege facts sufficient to encompass

each type of discrimination.  See *Clark v. Kraft Foods, Inc.,* 18 F.3d 1278, 1279 n.4 (5th Cir.

1994) (noting that sexual harassment and disparate treatment are "distinct" such that the

"assertion of one before the EEOC does not exhaust administrative remedies as to the other.").

Here, the Charge contains no factual allegations supporting either claim.  Although the Charge

lists "sex" as a basis of alleged discrimination, Plaintiff makes no mention of sexual harassment

or discrimination in the description of her claim.  Doc. 1 at 5-6.  Indeed, under the

"Discrimination Statement" heading, Plaintiff asserts only that she was "discriminated against

because of [her] race, African American" and because of her "age, 56."[4]  Doc. 1 at 5.  While the

---

[3] Plaintiff's handwritten complaint appears to identify her manager as "Yahaira Marquez" while her EEOC Charge identifies her supervisor as "Yahari Marquez."  *Compare* Doc. 1 at 2, *with* Doc. 1 at 5.

[4] Plaintiff appears to offer an explanation in her Complaint by asserting that EEOC investigator, Billie Cashaw, "failed to include my sexual harassment claim."  Doc. 1 at 3.  Regardless of the reason for the omission, however, the absence of any allegation of sex-based discrimination in the Charge precludes Plaintiff from asserting such claims here.  *See Porter v. Adams,* 639 F.2d

Charge alleges that she was "place[d] in a hostile work environment by [her] supervisor, Yahari Marquez, when she constantly harassed [Plaintiff]," Plaintiff fails to specify whether this alleged harassment was based on Plainitff's age, race, or sex. *See* Doc. 1 at 5.

Because Plaintiff does not tie any of the alleged harms to her sex, the Court concludes that neither a sexual harassment clam nor a sex-based disparate treatment claim could "reasonably be expected to grow" out of the Charge. *See, e.g., Doe v. Merritt Hosp., LLC*, 353 F. Supp. 3d 472, 480 (E.D. La. 2018) (finding sexual harassment claim unexhausted where, although the plaintiff checked the box for sex discrimination, the charge's description "made no mention of sexual harassment"); *Williams v. Health Texas Provider Network*, No. 3:16-CV-391, 2017 WL 2608813, at *4 (N.D. Tex. June 1, 2017) (Toliver, J.) (finding gender discrimination claim unexhausted where the charge complained of poor treatment by colleagues and their "continual rude, mean, differentiating, inappropriate behavior," but did not "tie any such instances to harassment that occurred based on [plaintiff's] gender."); *Jones*, 2025 WL 1908301, at *3 (holding that a sexual harassment claim could not "reasonably be expected to grow out of" the statement "I believe I have been discriminated against . . . based on my color/national origin/race" or "age.") (internal quotations and citation omitted).  Accordingly, Plaintiff failed to exhaust her claims for sex discrimination in the administrative process, and Defendant's motion to dismiss these claims should therefore be granted.

**B.** *Age Discrimination*

With respect to her age discrimination claim, Plaintiff alleges that she "was expected to complete job tasks by [herself] as an older employee" while "two other older Hispanic

---

273, 275-76 (5th Cir. 1981) (emphasizing that the exhaustion of administrative remedies is an "absolute prerequisite" to suits brought under the Civil Rights Act of 1964).

employees were allowed to work together every night." Doc. 16 at 2; Doc. 1 at 1.  Because

Plaintiff appears to assert disparate treatment (i.e., that she was singled out for intentional

discrimination based on her age), the Court must assess whether a disparate treatment claim

might reasonably be expected to grow out of the facts alleged in the Charge.  *Pancheco*, 448 F.3d

at 791.

Although a plaintiff need not allege a prima facie case before the EEOC to exhaust a

claim, the Fifth Circuit has held that the elements of a prima facie case are relevant to this

inquiry.  *Id.*  To establish a prima facie case of age discrimination under either the ADEA or

TCHRA, the plaintiff must allege, in part, that she "(1) was a member of a protected class [forty

years of age or older] . . . and (4) was either (a) replaced by someone [outside the protected class]

or (b) otherwise treated less favorably than others who were similarly situated but outside the

protected class."  *Norsworthy v. Houston Indep. Sch. Dist.*, 70 F.4th 332, 337 (5th Cir. 2023)

(internal quotations and citations omitted).

Here, Plaintiff's Charge alleges sufficient facts to satisfy only the first element.  *See* Doc.

1 at 5.  Specifically, the Charge states that Plaintiff is 56 years old, thus making her a member of

a protected class.  *Norsworthy*, 70 F.4th at 337.  Although the Charge also asserts that Plaintiff

believes she "was discriminated against because of her age," it does not provide any facts that

would reasonably support this claim.  Doc. 1 at 5.  As in her Complaint, Plaintiff appears to base

her charge of age discrimination on the fact that "two older Hispanic employees" were allowed

to work together in the same pod, while she was told that she "could not work with a second

person."  Doc. 1 at 5.  But even under the most liberal construction, nothing in this statement

suggests that Plaintiff was treated less favorably than others who were similarly situated but

outside the protected class.  *Norsworthy*, 70 F.4th at 337.  To the contrary, the Charge's

allegation that other "*older*" employees were treated more favorably than Plaintiff appears to assert the opposite: that Plaintiff was treated less favorably than other members of the *same* protected class. Doc. 1 at 5.

Because the body of Plaintiff's Charge appears to foreclose, rather than develop a factual basis for her age discrimination claim, the Court concludes that the Charge provides insufficient notice to the EEOC or the employer that Plaintiff was seeking redress for age discrimination. *See Melgar*, 931 F.3d at 379 ("The charge should allege that the employer engaged in an *unlawful* employment practice.") (emphasis added); *Miller v. Sw. Bell. Tel. Co.*, 51 Fed.Appx. 928, at *7 (5th Cir. 2002) (per curiam) (the charge's factual narrative must "describe the general nature of the claim"). Accordingly, Plaintiff did not exhaust her administrative remedies as to her age discrimination claim, and Defendant's motion should be granted as to this claim.

### *C. Race Discrimination*

The Court next considers Plaintiff's claims of race discrimination. As best as the Court can discern, Plaintiff alleges two theories of race discrimination: that she was "wrongfully terminated" because she is Black, and that her manager, Yahaira Marquez, subjected her to race-based harassment. Doc. 16 at 2. With respect to the alleged harassment, Plaintiff asserts that Hispanic employees were allowed to "eat, drink and bring bags to the workstation" while Plaintiff was told that she could not. Doc. 16 at 2. She further alleges that she was not "allowed to talk to [her]" coworkers, whereas Hispanic employees could converse for "20 minutes" without intervention by a manager. Doc. 1 at 1. Although not clearly articulated, these allegations appear to assert race discrimination under both a disparate treatment theory (wrongful termination) and a hostile work environment theory (race-based harassment). Accordingly, the

Court considers whether the Charge alleges sufficient facts to trigger an EEOC investigation into either of these claims. *Vicknair*, 555 F. App'x 325 at 332.

    **1.**  Plaintiff Failed to Exhaust her Race-Based Disparate Treatment Claim.

To support a disparate treatment claim at the pleading stage, a plaintiff must plead "two ultimate elements": (1) an adverse employment action, (2) taken against the plaintiff "*because of* her protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (cleaned up) (emphasis in original). Here, Plaintiff's Charge contains only two conclusory and unconnected assertions: that she was "discriminated against based on her race, African American," and that she was "terminated on 8/6/24." Doc. 1 at 5. But nothing in the Charge suggests that her termination occurred *because of* her race or that the termination was otherwise wrongful. *See* Doc. 1 at 5. Indeed, under the heading "Respondent's reason for adverse action," Plaintiff wrote "None stated," leaving the EEOC and the Defendant to guess whether Plaintiff intended to allege an adverse employment action at all. Doc. 1 at 5.

By reciting race discrimination and termination as separate assertions, without alleging any causal link between them, the Charge provides no factual basis for the EEOC to investigate a race-based wrongful termination claim. *Williams*, 2017 WL 2608813, at *4. Because it fails to give notice of the required link between Plaintiff's race and any adverse employment action, the Charge does not exhaust a wrongful termination claim based on race.

    **2.**  Plaintiff Failed to Exhaust her Race-Based Hostile Work Environment Claim.

Nor does the Charge exhaust Plaintiff's claim that she was subjected to a hostile work environment based on her race. "To state a claim for harassment based on a hostile work environment theory, a plaintiff must allege, *inter alia*, that she was harassed because of her race, affecting a condition or privilege of her employment." *Stone v. La. Dep't. of Revenue*, 590

Fed.Appx 332, 340 (5th Cir. 2014) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).  Harassment affects a term or condition of employment only if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive requirement." *Ramsey*, 286 F.3d at 268 (citation omitted).  Accordingly, "[f]or a claim of hostile work environment to reasonably be expected to grow out of an employee's charge of discrimination, the employee must allege more than just discrete actions of discrimination." *Trevino v. SAIA Motor Freight Line*, No. 4:20-CV-825, 2021 WL 1009317, at *4 (N.D. Tex. Jan. 26, 2021) (Ray, J.), *rep. & rec. adopted*, 2021 WL 977096 (N.D. Tex. Mar. 16, 2021) (citing *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409, 409 (5th Cir. 2007)).

Here, the Charge identifies only one discrete act arguably tied to race: that Plaintiff was required to work alone while "two older Hispanic employees" were permitted to work together. Doc. 1 at 5.  This single act of discrimination is not sufficiently severe or pervasive to support a hostile work environment claim, nor could such an isolated allegation reasonably be expected to trigger an investigation into one.  *See Trevino,* 2021 WL 1009317, at *4 (holding that a hostile work environment claim could not reasonably be expected to grow out of the charge alleging only discrete acts, namely, that the plaintiff "was forced to complete difficult tasks without help" while "non-Hispanic workers were allowed to receive help for tasks far less difficult[.]"); *cf. Moore v. Cricket Commc'n,* 764 F. Supp. 2d 853, 860 (S.D. Tex. 2011) (finding plaintiff exhausted her administrative remedies with respect to her hostile work environment claim where the charge included allegations "explicitly mention[ing] race, and suggest[ing] that [the defendant] repeatedly made prejudiced, derogatory, and demeaning statements about black women on the basis of their race.").

11

Nor is the Charge's conclusory assertion that Plaintiff endured a "hostile work environment" due to "constant harassment" sufficient to exhaust the claim absent any allegation linking the harassment to her race. Doc. 1 at 5. *Williams*, 2017 WL 2608813, at *4. Although Plaintiff makes a belated attempt to supply this missing link in her Complaint, she cannot establish the necessary racial nexus for the first time in federal court. *Esaadi v. United Parcel Serv., Inc.*, No. 3:20-CV-1777, 2023 WL 2776081 (N.D. Tex. Mar. 2, 2023) (Toliver, J.), *rep & rec. adopted*, 2023 WL 2776683 (N.D. Tex. Apr. 4, 2023). As this Court has previously observed, permitting her to do so "would permit a claimant to make over-generalized claims of discrimination" before the EEOC and later expand them in court, thereby undermining both the agency's investigatory role and its notice function. *Id.*

Here, because a hostile work environment investigation cannot reasonably be expected to grow out of the Charge, Plaintiff has not exhausted her administrative remedies with regard to this claim. *Pancheco,* 448 F.3d at 788. As Plaintiff is barred from asserting either of her race discrimination claims here, Defendant's motion to dismiss should likewise be granted as these claims.

## IV. LEAVE TO AMEND AND PLAINTIFF'S SUPPLEMENTAL DOCUMENTS

On August 13, 2025, 47 days after Defendant was served with Plaintiff's Complaint, and before Defendant filed its Motion to Dismiss, Doc. 30, Plaintiff filed the first of three documents titled "Attachment to Complaint." Doc. 27; Doc. 32; Doc. 35. Each filing includes handwritten notes and additional documents that Plaintiff purports support her original Complaint. Doc. 27; Doc. 32; Doc. 35. Defendant moves to strike these filings, arguing that these purported "Attachments" are, in substance, improper attempts to amend the Complaint to cure pleading deficiencies and to assert new claims not included in her original pleading. Doc. 33, ¶ 14-15.

Upon review of the filings, the Court notes that while the first "Attachment" contains documents and handwritten notes relating to Plaintiff's claims of race, sex, and age discrimination, it also includes an allegation of retaliation that does not appear in the original Complaint or in her *Answers to the Magistrate Judge's Questionnaire. Compare* Doc. 27 at 17, *with* Doc. 1 at 5; Doc. 16 at 1.  Both the second and third "Attachments" likewise appear to contain documents relevant only to Plaintiff's new assertion that she was "wrongfully terminated for applying for workers comp[ensation] benefits."  Doc. 35 at 2; Doc. 32 at 2.  Because the Complaint does not appear to assert these claims, *See* Doc. 1, the Court construes these filings as motions to amend.  *See Coleman v. Saul*, No. 3:19-CV-2198, 2021 WL 1117167, at *5 (N.D. Tex. Mar. 24, 2021) (Kinkeade, J.) (noting that "courts should construe new allegations and theories in responses . . . as a motion to amend," particularly where "the litigant is *pro se* and has not yet made any amendments to her complaint.") (citing *Cash v. Jefferson Assosc., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (per curiam)).

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."[5] FED. R. CIV. P. 15(a)(2).  Although the rule "evinces a bias in favor of granting leave to amend," a court may deny leave where amendment would be futile.  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).  "Futility" has been interpreted by the Fifth Circuit to "mean that the amended complaint would fail to state a claim upon which relief could be granted."  *Id.*

---

[5] Although Rule 15(a)(1) permits a party to amend its pleading once as a matter of course, Plaintiff's initial "Attachment" does not qualify for that automatic right because it was filed more than 21 days after service of her initial complaint and before Defendant filed its Motion to dismiss, Doc. 30.  *See* Doc. 27; FED. R. CIV. P. 15(a)(1) (permitting one amendment as a matter of course within 21 days after service of the pleading or within 21 days after service of a responsive pleading or motion under Rule 21(b), (e), or (f)).

As outlined above, Plaintiff has failed to exhaust her administrative remedies with respect to her claims for race, sex, and age discrimination.  Because these deficiencies cannot be cured by amendment, any attempt to supplement these claims would be futile.  *See Klecher v. Metropolitan Life Ins. Co.*, 331 F.Supp.2d 279, at 284-85 (S.D.N.Y. 2004) (denying leave to amend as futile where proposed amendment asserted the same claim that had already been dismissed for failure to exhaust administrative remedies).

To the extent Plaintiff seeks to amend her Complaint to assert a claim for retaliation under either Title VII or the TCHRA, any such claim is similarly deficient.  A review of Plaintiff's EEOC Charge reveals no reasonable basis to conclude that her retaliation claim would have been investigated, as the Charge conclusively alleges only race, sex, and age discrimination and does not assert that Plaintiff engaged in any protected activity or suffered any adverse employment action.  *See* Doc. 1 at 5; *Owens v. Circassia Pharm., Inc.*, 33 F.4th 814, 835 (5th Cir. 2022) ("To establish a prima facie case of retaliation, [a plaintiff] must show that: 1) she engaged in a protected activity; 2) she suffered an adverse employment action; and 3) there is a causal connection between the two.").  Thus, because Plaintiff has likewise failed to exhaust her administrative remedies with respect to a Title VII or TCHRA retaliation claim, any amendment to add this claim also would be futile.  *See, e.g.*, *Ponce v. Billington*, 652 F.Supp.2d 71, 74 (D.D.C. 2009) (denying amendment to add retaliation claim as "futile" because the proposed claim was not "like or reasonably related to" the discrimination allegations in the administrative complaint, and thus administrative remedies were not exhausted).

Finally, although each of Plaintiff's three "Attachments" alleges that she was "fired as a Black injured woman applying for workers comp[enastion] benefits," she does not identify the

statute or legal cause of action under which she seeks relief.[6] *See* Doc. 32 at 2; Doc. 35 at 2. Under Federal Rules of Civil Procedure 8 and 12(b)(6), the Plaintiff has the burden to plausibly allege each cause of action. *See Johnson v. Aurora Loan Servs., LLC*, No. H-15-755, 2015 WL 5009228, at *4 (S.D. Tex. Aug. 21, 2015) (Miller, J.) ("[Plaintiff] must give fair notice of the causes of action he wants to advance.") (citing *Twombly,* 550 U.S. at 555). Indeed, it is neither the Court's nor the Defendant's duty "to guess under what theories the plaintiff seeks recovery, nor [to] consider every conceivable claim to see if the plaintiff has pled facts to support the elements of the possible claim. To do so is to carry plaintiff's burden to plead facts that state a claim upon which relief could be granted." *Id.* By failing to allege a particular theory of recovery, both the Defendant and the Court are left to speculate as to what claims, if any, these facts are intended to support. Accordingly, allowing Plaintiff to amend her Complaint to add these attachments would be futile because, even if the Court were to consider the Attachments as part of the operative pleading, the factual allegations therein are insufficient to state a claim for relief. *Stripling*, 234 F.3d at 873.

With respect to future amendment, the Court first notes the previous opportunity granted Plaintiff supplement her Complaint by her responses to the *Magistrate Judge's Questionnaire.* Moreover, Plaintiff was appraised of the deficiencies in her allegations through Defendant's three motions to strike, yet she failed to respond to clarify the legal theory, if any, underlying her workers' compensation claims. "[P]laintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold. . . . At some point a court must decide that a plaintiff has had a fair opportunity to

---

[6] Although Plaintiff vaguely references "Texas Labor Code Chapter 451" and "Texas Labor Code 105" for the first time in her third Attachment, she fails to specify whether she intends to assert her claim pursuant to either or both provisions. *See* Doc. 35 at 2.

make his case." *Winegarner v. City of Coppell*, No. 3:05-CV-1157, 2007 WL 1040877, at *9 (N.D. Tex. Apr. 5, 2007) (Lindsay, J.) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

Under the circumstances outlined here, the Court concludes that Plaintiff has had a fair opportunity to plead her claims.  Because her original Complaint, even when viewed in conjunction with her Attachments, fails to state a legally cognizable claim, the Court concludes that Plaintiff has already pled her best case.  And, as the Complaint when supplemented by her Answers to the Magistrate Judge's Questionnaire and Plaintiff's subsequent attachments nevertheless fails to state a claim for relief, her claims should be dismissed without further opportunity to amend.[7]

## V. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss Plaintiff's Complaint*, Doc. 30, should be GRANTED, and Plaintiff's claims for race, sex, and age discrimination, under Title VII, the ADEA, and Chapter 21 of the Texas Labor Code should be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to exhaust administrative remedies.  Further, Defendant's motions to strike, Doc. 28; Doc. 33; Doc. 36, should be granted and Plaintiff's additional attachments to her Complaint, Doc. 27; Doc. 32; Doc. 35, should be stricken from the

---

[7] Nevertheless, the 14-day objection period will permit Plaintiff to proffer facts or allegations, if any, that can cure the deficiencies in those claims outlined herein, including the opportunity to establish a valid legal theory underlying any of her factual allegations.

record.  And as no claims will remain pending, the Clerk of Court should be directed to close this case.

SO RECOMMENDED on February 27, 2026

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).